

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:ALB
F. #2018R01833

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 16, 2020

**TO BE FILED UNDER SEAL**

<u>By ECF</u>

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Salvador Cienfuegos Zepeda
       <u>Criminal Docket No. 19-366 (CBA)</u>

Dear Judge Amon:

  The government respectfully submits this motion requesting that the Court dismiss the above-captioned indictment without prejudice, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, because, as set forth below, the United States has determined that sensitive and important foreign policy considerations outweigh the government's interest in pursuing the prosecution of the defendant, under the totality of the circumstances, and therefore require dismissal of the case. The government has spoken with counsel for the defendant, who have confirmed that the defendant consents to this motion. A proposed order of dismissal is attached hereto.

  I. <u>Background</u>

  On August 14, 2019, a grand jury in the Eastern District of New York returned a four-count, sealed indictment charging the defendant Salvador Cienfuegos Zepeda, the former Secretary of National Defense for Mexico, with: (i) participating in an international heroin, cocaine, methamphetamine and marijuana distribution conspiracy, in violation of Title 21, United States Code, Sections 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H) and 959(d); (ii) participating in a heroin, cocaine, methamphetamine and marijuana importation conspiracy, in violation of Title 21, United States Code, Sections 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G) and 960(b)(1)(H); (iii) participating in a heroin, cocaine, methamphetamine and marijuana distribution conspiracy, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii) and 841(b)(1)(A)(viii); and (iv) participating in a conspiracy to launder narcotics proceeds, in violation of Title 18, United

States Code, Section 1956(h). See Indictment (ECF No. 1). Federal agents arrested the defendant in Los Angeles, California, on October 15, 2020, after he voluntarily traveled to the United States.

Following the arrest of the defendant, officials for the government of Mexico, which was not aware of the sealed indictment against the defendant at the time of the arrest, engaged in discussions with United States government officials concerning the pending charges against the defendant in the United States. During the course of those discussions, the United States was informed that the Fiscalia General de la Republica of Mexico had initiated its own investigation into the defendant's alleged conduct. As a result of these discussions, the government of the United States concluded, with the concurrence of the government of Mexico, that the United States would seek to dismiss the indictment against the defendant without prejudice, so that Mexico could proceed first with investigating and potentially prosecuting the defendant under Mexican law for the alleged conduct at issue, which occurred in Mexico.

II.  Legal Standard

Rule 48(a) provides that "The government may, with leave of court, dismiss an indictment, information, or complaint." Although the Rule requires leave of the court, the Second Circuit has explained that a "court is generally required to grant a prosecutor's Rule 48(a) motion unless dismissal is 'clearly contrary to manifest public interest.'" United States v. Pimentel, 932 F.2d 1029, 1033 n.5 (2d Cir.1991) (quoting United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975)). The rationale behind this general rule is that the "Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated." Cowan, 524 F.2d at 513. As the Supreme Court has stated, "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection . . . . But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977) (internal citation omitted). Although "the prosecution does not have the burden of proof to show that dismissal is in the public interest," district courts have held that the government "is under a duty to provide sufficient reasons to the court that amount to more than a mere conclusory interest." United States v. KPMG LLP, No. 05 Cr. 903, 2007 WL 541956, at *5 (S.D.N.Y. Feb. 15, 2007). The standard to show a manifest public interest is limited to "extraordinary cases where it appears the prosecutor is motivated by considerations clearly contrary to the public interest" and the presumption is that the Government is acting in good faith. See id. at *5 (identifying as examples of contrary to the public interest when "the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial."); see also United States v. Jacobo-Zavala, 241 F.3d 1009, 1012 (8th Cir.2001) ("[T]he presumption of regularity supports [the Government's] prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that the[ ] [Government] ha[s] properly discharged [its] official duties."); United States v. Salinas, 693 F.2d 348, 351 (5th Cir.1982) ("Neither the trial court nor this Court on appeal can substitute its judgment for the prosecutor's determination [of the public interest] or can second guess the prosecutor's evaluation.")).

Here, the defendant's consent to the dismissal is also a significant factor for the Court to consider. As noted by Judge Preska in United States v. KPMG LLP:

> Given the very limited scope of judicial inquiry permitted under Rule 48(a), and the presumption of good faith on the part of the Government in seeking dismissal of charges, it is unsurprising that it appears that no appellate court has upheld a denial of a motion to dismiss, where the defendant has consented to the dismissal, grounded on a finding of "bad faith" or action "contrary to the public interest" alone. See, e.g., In re United States, 345 F.3d 450, 453 (7th Cir.2003) (granting the Government's petition for mandamus and ordering the district court to dismiss certain counts of an indictment against a defendant where that defendant consented to the dismissal: "We are unaware ... of any appellate decision that actually upholds a denial of a motion to dismiss a charge on such a basis. That is not surprising.").

Id. at *5.

Dismissal pursuant to Rule 48(a) is generally without prejudice. See United States v. Ortega-Alvarez, 506 F.2d 455, 458 (2d Cir. 1974) (per curiam) ("The rule is that when an indictment is dismissed before trial upon the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated."). Courts dismiss cases with prejudice only where the prosecutor acted in bad faith or where dismissal followed by recharge would amount to prosecutorial harassment. See United States v. Doody, No. 01 Cr. 1059, 2002 WL 562644, at *2 (S.D.N.Y. Apr. 16, 2002). One court has noted that "no appellate court has upheld a denial of a motion to dismiss, where the defendant has consented to the dismissal, grounded on a finding of 'bad faith' or action 'contrary to the public interest' alone." KPMG, 2007 WL 541956, at *6.

III.    Motion to Dismiss

As the government has previously explained to the Court, the evidence in this case is strong, see Mot. to Remand, and the defendant was investigated, charged and has been prosecuted consistent within the appropriate principles of federal prosecution. See Justice Manual § 9-27.220.

Nevertheless, as a matter of foreign policy and in recognition of the strong law enforcement partnership between Mexico and the United States, and in the interests of demonstrating our united front against all forms of criminality, including the trafficking of narcotics by Mexican cartels, the government hereby moves to dismiss the pending charges against the defendant without prejudice, in order to permit the Mexican investigation and potential prosecution of the defendant to proceed in the first instance. See Justice Manual § 9-2.159 ("Situations may arise where substantial reasons of national security, foreign policy or the like may require the Department to abandon an investigation, forego litigation, or seek dismissal of a

3

case."). After discussions between United States and Mexican government officials, the Department of Justice has deemed this dismissal to be in the public interest of the United States in recognition of the close cooperation between the United States and Mexico on bilateral law enforcement investigations and, in furtherance of that law enforcement partnership, which increases the security of the citizens of both countries.

IV.     Conclusion and Sealing Request

Accordingly, the government respectfully requests that the Court dismiss the indictment against the defendant without prejudice pursuant to Federal Rule of Criminal Procedure 48(a).

Lastly, the government respectfully requests that this letter be kept under seal until the status conference that is scheduled for Wednesday, November 18, 2020. Concurrent with this motion, the government and the defendant have agreed that, should the Court order dismissal of the charges without prejudice, the defendant will voluntarily depart the United States and be expeditiously transported to Mexico in the custody of the United States Marshals Service. The government requests that the court withhold its decision on this motion until the upcoming status conference and that the order of dismissal, should the Court grant the motion, be stayed until the defendant enters and has been released in Mexico. Public disclosure of this motion before the status conference could cause harm to the government's relationship with a foreign ally. See United States v. Trabelsi, No. CR 06-89 (RWR), 2015 WL 5175882, at *8 (D.D.C. Sept. 3, 2015) (granting request to seal documents produced to defendant in part due to "the government's representations regarding the potential harm to the relationship between the United States and its foreign allies"); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (sealing appropriate to protect law enforcement interests). In light of the short period of sealing, the government respectfully submits that this request is narrowly tailored and appropriately balances the government's compelling interests with the public's qualified right to access this document. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988).

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney


By: /s Allen L. Bode
    Chief – International Narcotics and Money
    Laundering Section
    (718)254-7996

cc:     Counsel for the defendant (by ECF)
        Clerk of the Court (CBA) (by ECF)