1

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - -    X
 3
     UNITED STATES OF AMERICA,    :    19-CR-366(CBA)
 4
             Plaintiff,           :
 5
                                       United States Courthouse
 6       -against-                :    Brooklyn, New York

     SALVADOR CIENFUEGOS ZEPEDA, :
 7
                                       November 18, 2020
             Defendant.          :     10:00 o'clock a.m.
 8
     - - - - - - - - - - - -    X
 9

10               TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE CAROL BAGLEY AMON
11               UNITED STATES DISTRICT JUDGE.

12   APPEARANCES:

13
     For the Government:        SETH D. DuCHARME
14                              Acting United States Attorney
                                ALLEN L. BODE
15                              Assistant United States Attorney
                                Eastern District of New York
16                              271 Cadman Plaza East
                                Brooklyn, New York
17

18   For the Defendant:         SAPONE & PETRILLO, LLP
                                40 Fulton Street
19                              23rd Floor
                                New York, NY 10038
20
                                BY: EDWARD V. SAPONE, ESQ.
21

22   Court Reporter:            Charleane M. Heading
                                225 Cadman Plaza East
23                              Brooklyn, New York
                                (718) 613-2643
24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer-aided transcription.
```

2

1          THE CLERK:  Good morning.  This is criminal cause

2    for a status conference, 19-CR-366, USA versus Salvador

3    Cienfuegos Zepeda.

4          May the parties please state your name for the

5    record.

6          MR. DuCHARME:  For the United States, Seth DuCharme,

7    Your Honor.  I'm joined by Allen Bode at counsel table.

8          MR. BODE:  Good morning, Your Honor.

9          THE COURT:  Good morning.

10         MR. SAPONE:  Good morning, Your Honor.  Edward

11   Sapone, Sapone & Petrillo, for defendant Salvador Cienfuegos

12   Zepeda who is present with counsel in court.

13         THE COURT:  All right.  Good morning.

14         All right.  Everyone can be seated.

15         Mr. DuCharme, the government has an application, I

16   understand, this morning.  Do you want to be heard on that

17   application?

18         MR. DuCHARME:  Yes, briefly, Your Honor.

19         As set forth in our papers, I think as an initial

20   matter, you know, the Office stands behind the case.  There is

21   no concern that I have with the strength of our case.  Here,

22   there was a balancing, frankly, of interests between the

23   Department's interests in pursuing this particular prosecution

24   against the interest of the United States in foreign relations

25   and, in particular, with the United States' relationship with

1   Mexico and cooperative law enforcement efforts that go, that

2   touch upon this case to the extent that they relate to

3   narcotics trafficking and public corruption, but the United

4   States determined that the broader interests in maintaining

5   that relationship in a cooperative way outweighed the

6   Department's interest and public interest in pursuing this

7   particular case.

8           THE COURT:  And I understand, Mr. DuCharme, that

9   this application is being made at the highest level of the

10  Justice Department, that this was a decision made by the

11  Attorney General of the United States, is that correct?

12          MR. DuCHARME:  That's correct, Your Honor, and the

13  Attorney General, as you may be aware, you know, issued a

14  statement I think last night setting forth the position of the

15  United States and coordination with the government of Mexico.

16          THE COURT:  Yes.  My courtroom deputy was provided

17  with a copy of that press release.

18          It was not clear to me from the government's letter

19  when you referred to the fact that there were officials who

20  had made that determination, that it was the Attorney General

21  himself, but that has been clarified today in court.

22          Now, I take it that the defendant, although his

23  consent is not required, does not oppose this application?

24          MR. SAPONE:  Your Honor, Edward Sapone speaking.

25          So when we had appeared for arraignment before

4

1  Magistrate Judge Gold, Mr. Cienfuegos Zepeda entered a plea of

2  not guilty to each charge contained in the indictment.  We

3  have received a copy of the government's application and

4  certainly consent to that application.

5          THE COURT:  Now, I understand though that the

6  application is contingent on the defendant signing this

7  removal agreement, is that correct?

8          MR. DuCHARME:  That's correct, Your Honor, and he

9  has signed the agreement.  We have an executed copy here.

10          THE COURT:  Yes.

11          MR. DuCHARME:  And that's really, I think, the

12  mutual interest of the parties, and should Your Honor grant

13  the motion, an expeditious and efficient execution of our

14  joint plan which is essentially to return the defendant to

15  Mexico to be held accountable under Mexican law as soon as

16  practicable.

17          THE COURT:  Well, the removal agreement indicates

18  that it has been filed under seal, but it has not been filed

19  at all and it was just presented to the Court this morning and

20  there is no reason that once it is filed, that this document

21  should be under seal.

22          MR. DuCHARME:  We respect Your Honor's

23  determination, Judge.  You know, we tried to be sensitive to

24  the interests, I think, of the defendant as well as the

25  United States' interest in facilitating the smooth execution

5

1   of this intended course of action.  So, you know, we have

2   asserted, as you know, Judge, a basis to seal on that basis

3   but obviously, you know, defer to the Court on your findings.

4          THE COURT:  Well, but in the letter, you say it is

5   only necessary to have it sealed until the status conference.

6   So at this point, you are not seeking to have it sealed any

7   longer, correct?

8          MR. DuCHARME:  With respect to the applications,

9   that's right, Judge.

10          With respect to the removal agreement, it's my

11  understanding that the defendant had asserted some interest in

12  having portions of that at least remain sealed with respect to

13  the removal agreement only, Your Honor.  The government

14  certainly doesn't object to that.

15          THE COURT:  I am looking at paragraph 12:  Both the

16  government and defendant agree and respectfully request that

17  this agreement be kept under seal until the status conference

18  scheduled in the above captioned case.

19          There is nothing in here to suggest that any part of

20  it should be otherwise sealed.

21          MR. DuCHARME:  No, I --

22          THE COURT:  Not in the application itself.  I think

23  we should resolve this now.

24          MR. DuCHARME:  Okay.  Understood, Your Honor.

25          THE COURT:  So, this removal agreement, do you have

1  the original?

2              MR. DuCHARME:  I do, Your Honor, executed.

3              THE COURT:  Okay.

4              MR. DuCHARME:  May I approach?

5              THE COURT:  Yes.

6              Mr. Sapone, did you want to be heard on this matter?

7              I take it you have executed this and your client has

8  executed this?

9              MR. SAPONE:  Your Honor, I can confirm that we have

10  gone through the removal agreement with Mr. Cienfuegos Zepeda

11  in English and I interpreted it into Spanish.  I also had it

12  translated into Spanish so the entirety of the document is in

13  Spanish.  This morning in the Marshal's pens, we had visited

14  with Mr. Zepeda and gone through it word by word, line by

15  line.  He understands it.  When he came into court, he signed

16  it and so we're in full agreement with it.

17              THE COURT:  So this removal agreement is, of course,

18  contingent on the Court granting the application to dismiss

19  the indictment without prejudice, correct?

20              MR. SAPONE:  That's correct, Your Honor.

21              THE COURT:  All right.  Before I take up that issue,

22  let me just ensure that the defendant understands this removal

23  agreement.

24              First of all, I will delete that it is filed under

25  seal.  Under the terms of the agreement itself, it should not

7

1    be filed under seal after today's proceeding.

2         So I have a series of questions to ask the defendant

3    and I would ask that he rise and my courtroom deputy

4    administer an oath for him to tell the truth.

5         Mr. Cienfuegos, I have before me a document referred

6    to as a removal agreement.

7         Was that agreement translated to you?

8         THE DEFENDANT:  Yes, Your Honor.

9         THE COURT:  Now, I want you to understand that your

10   agreement, this removal agreement, only comes into effect if,

11   in fact, I grant the government's application.

12        You understand that, correct?

13        THE DEFENDANT:  Yes, ma'am.

14        THE COURT:  But if I grant the government's

15   application, then you will be bound by the terms of this

16   removal agreement.  Is that clear to you?

17        THE DEFENDANT:  Yes, ma'am.

18        THE COURT:  All right.  And this agreement, you

19   indicated, was, in fact, translated to you, correct?

20        THE DEFENDANT:  Yes, ma'am.

21        THE COURT:  Before signing it, did you have an

22   adequate opportunity to discuss the provisions of this

23   agreement with your counsel?

24        THE DEFENDANT:  Yes, I did so with the attorney.

25        THE COURT:  All right.  Are you satisfied to have

1  him represent you in this proceeding?

2  THE DEFENDANT:  Yes, ma'am, I'm satisfied.

3  THE COURT:  Now, it indicates that the government

4  and the defendant have agreed that the defendant will

5  voluntarily depart the United States expeditiously in the

6  custody of the United States Marshal.

7  Do you agree to that?

8  THE DEFENDANT:  Yes, ma'am.

9  THE COURT:  You also agree to help the Marshals in

10  the removal by providing to them all of the documents that

11  would be necessary to return you in their custody to Mexico.

12  Do you understand that?

13  THE DEFENDANT:  Yes, I do understand, yes.

14  THE COURT:  That you agreed to waive any rights that

15  you may have?

16  THE DEFENDANT:  Yes, I'm in agreement.

17  THE COURT:  Well, let me just go over those rights

18  for a moment.  They include the right to seek relief from

19  removal or to seek relief from deportation or exclusion under

20  the Immigration and Nationality Act.

21  All right.  Let me just ask you, I meant to have my

22  courtroom deputy swear you in, so let me have her swear you in

23  and I will ask if those further questions were under oath.

24  Do you want to swear him in, please?

25  THE CLERK:  Raise your right hand, please.

9

1          (The defendant is duly sworn by the clerk of

2    Court under penalties of perjury.)

3          THE CLERK:  Thank you.

4          THE COURT:  All right.  I'm sorry.  The questions

5    that I previously asked you, were your responses true and

6    accurate to those questions?

7          THE DEFENDANT:  It is so, yes, correct.

8          THE COURT:  So do you understand that you are giving

9    up your right to contest your removal from this country on any

10   grounds including asylum, withholding of removal or any claim

11   under the Convention Against Torture Act, do you understand

12   that?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  And do you agree that you have not been

15   persecuted and have no present fear of persecution in Mexico

16   at the present time?

17         THE DEFENDANT:  Yes, I do agree.

18         THE COURT:  All right.  Is there any further inquiry

19   that the government thinks I should make of the defendant in

20   order to accept his agreement to be removed?

21         MR. DuCHARME:  No, Your Honor.

22         THE COURT:  Mr. Sapone, is there anything else you

23   think that I should further ask your client?

24         MR. SAPONE:  No, Your Honor has covered it.

25         THE COURT:  All right.  You may be seated.

1          Let me now issue a ruling on the government's

2     request to dismiss the indictment without prejudice.

3          Rule 48(a) of the Federal Rules of Criminal

4     Procedure provides that the government may, with leave of the

5     court, dismiss an indictment.  The government seeks such leave

6     in this case and the defendant does not oppose it.

7          The scope of judicial review of such an application

8     is quite limited.  The Second Circuit has noted that such

9     motions should be granted unless clearly contrary to manifest

10    public interest.

11         As I understand it, this decision to seek dismissal

12    was made at the highest level of government, at the Justice

13    Department, that of the Attorney General of the United States.

14    The stated reason for doing so is to permit Mexico to

15    investigate and prosecute the defendant.  This was done "in

16    recognition of the strong law enforcement partnership between

17    Mexico and the United States and in the interest of

18    demonstrating a united front against all forms of

19    criminality."

20         Although these are very serious charges against a

21    very significant figure, and the old adage "a bird in the

22    hand" comes to mind, still I have no reason to doubt the

23    sincerity of the government's position the decision here is

24    being made, to quote their letter, as a matter of foreign

25    policy and no reason to doubt the government's determination

1   that the Mexican prosecuting authorities sincerely wish to

2   pursue an investigation and possible prosecution of this

3   defendant.

4          There is no suggestion that this application is

5   being made in bad faith or that accepting the government's

6   reasoning that it is against the public interest so I will,

7   therefore, grant the application.

8          Is there anything further, Mr. DuCharme?

9          MR. DuCHARME:  No, Your Honor.  Thank you very much.

10          MR. BODE:  Just one thing, Your Honor.  I'll file a

11   letter with the Court when it has actually happened.

12          THE COURT:  I think the order provides for that.

13          MR. BODE:  Thank you.

14          MR. DuCHARME:  It does, Your Honor.  Thank you.

15          THE COURT:  Mr. Sapone, is there anything further we

16   need to address?

17          MR. SAPONE:  No.  Thank you, Your Honor.

18          THE COURT:  All right.

19          (Matter concluded.)

20

21

22

23

24

25